

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-18-00458-CR
_____

SERGIO MARTINEZ CORONA AKA SERIGO MARTINEZ, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 355th District Court
Hood County, Texas
Trial Court No. CR13984

---

Before Birdwell and Womack, JJ.; and Lee Ann Dauphinot (Senior Justice, Retired,
Sitting by Assignment).
Memorandum Opinion by Justice Dauphinot

# MEMORANDUM OPINION

Upon his plea of not guilty, a jury convicted Appellant Sergio Martinez Corona of Assault Family Violence with a prior conviction and assessed his punishment at 5 years' confinement in the Institutional Division of the Texas Department of Criminal Justice.[1] The jury also assessed a fine of $10,000. The trial court sentenced him accordingly. The complainant was Christine Mercado.

Appellant brings a single issue on appeal, arguing that trial counsel rendered ineffective assistance for failing to investigate or offer mitigation evidence during the punishment phase of the trial. Considering the record as a whole, and applying the appropriate standard of review, we hold Appellant has failed to establish that his trial counsel rendered ineffective assistance.

Brief Facts

Appellant, who had previously been convicted of assaulting his mother in California, and Christine had a volatile relationship. Officer Martinez testified that the police went to Appellant and Christine's residence on a past occasion in March 2017 after Appellant reported that Christine had assaulted him, causing injuries to the left side of his body and the right side of his face. In August 2017, Officer Martinez was called to the residence again in response to a report that Appellant had assaulted Christine.

---

[1] Tex. Penal Code Ann. § 22.01(b)(2)(A).

When Officer Martinez arrived, he saw Christine and Appellant's minor daughter, V.M., on the front porch, crying. Christine told Officer Martinez that Appellant had choked her, kicked her, and gotten on top of her. V.M. testified she lived with Appellant, her sister K.M., and Christine. V.M. saw Appellant sitting on top of Christine's hips. Christine looked as though she had been crying, and her neck was red as though Appellant had been choking her. Appellant told V.M. not to call the police because he would be arrested. She also heard him say he liked the way it felt to choke Christine and that he would do it again. When Appellant began choking Christine again, V.M. pushed him off her. Christine called 911, and Appellant broke through the door and she began screaming again. Appellant left the house, and V.M. locked all the doors.

Christine testified that she was married to Appellant and had come to the house to pack her things and leave when he assaulted her. She and Appellant argued, and then Appellant left with V.M. When they returned, Appellant attacked her. She described the assault in detail and suggested that Appellant refused to allow her to leave and also that he told her he was going to leave to live with his girlfriend and V.M.

Appellant testified he and Christine had argued about the offer to sell the house and that he suspected she had sold the house to two different parties and he did not want to be a part of it. He testified Christine had been violent toward him and thrown things at him on the day she said he had assaulted her. He testified that V.M.

3

had lied because Christine had been abusive toward him and V.M. was afraid of her. He admitted his prior conviction, but denied strangling Christine or getting on top of her.

## Performance of Counsel

Appellant appeared *pro se* at the first two hearings on this case. The trial court appointed counsel on February 23, 2018. The jury trial began October 1, 2018. Appellant was also represented by counsel in pursuing a motion for new trial and on appeal. Appellant filed his amended motion for new trial, alleging ineffective assistance of counsel. After an evidentiary hearing, the trial court overruled the motion for new trial.

## Burden of Proof of Ineffective Assistance of Counsel

To establish ineffective assistance of counsel, an appellant must show by a preponderance of the evidence that his counsel's representation was deficient and that the deficiency prejudiced the defense.[2] In assessing a claim of ineffective assistance, the appellant must overcome the strong presumption that his counsel's actions might be considered sound trial strategy.[3] An ineffective-assistance claim must be "firmly founded in the record," and "the record must affirmatively demonstrate" the

---

[2] *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Nava v. State*, 415 S.W.3d 289, 307 (Tex. Crim. App. 2013); *Hernandez v. State*, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999).

[3] *Strickland*, 466 U.S. at 689.

meritorious nature of the claim.[4]   Direct appeal is usually an inadequate vehicle for raising an ineffective-assistance-of-counsel claim because the record is generally undeveloped.[5]   In evaluating the effectiveness of counsel under the deficient-performance prong, we look to the totality of the representation and the particular circumstances of each case.[6]   The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error.[7]   Review of counsel's representation is highly deferential, and the reviewing court indulges a strong presumption that counsel's conduct was not deficient.[8]

Representation by Appellant's Counsel

In his motion for new trial, Appellant argued trial counsel rendered ineffective assistance during the punishment phase of the trial because he refused to call witnesses to present evidence of Appellant's volunteerism, his positive work history,

---

[4]*Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

[5]*Menefield v. State*, 363 S.W.3d 591, 592–93 (Tex. Crim. App. 2012);  *Thompson*, 9 S.W.3d at 813–14.

[6]*Thompson*, 9 S.W.3d at 813.

[7]*See Strickland*, 466 U.S. at 688–89, 104 S. Ct. at 2065;  *Nava*, 415 S.W.3d at 307.

[8]*Nava*, 415 S.W.3d at 307–08.

and the fact Appellant had been a model prisoner, as well as evidence he had been molested as a child, spent time in foster care, and had been assaulted by his father.

At the hearing on the motion for new trial, Appellant did not call trial counsel to testify. Rather, he offered trial counsel's sworn affidavit, in which he responded to Appellant's complaints. Trial counsel stated he was afraid to open the door to Appellant's California assault on his mother and that the witnesses Appellant wanted to call "often did not share his high opinion of himself." Additionally, he did not want Appellant's mother and sister placed under the witness rule so they could provide him feedback during the trial. The State offered State's Exhibit 17, which contained documents relating to the California assault of Appellant's mother, including a six-count information alleging: (1) that assault, (2) his threat to kill a previous wife during an assault with a knife, and (3) resisting arrest.

The State argues correctly that the exhibit would have become admissible had trial counsel followed Appellant's trial strategy instead of his own. Additionally, the State argues that Appellant's five-year sentence is evidence that trial counsel pursued a sound trial strategy.

The record abundantly reflects Appellant's failure to overcome the strong presumption that trial counsel's conduct fell within the wide range of reasonable professional assistance and might be considered sound trial strategy. We, therefore, overrule Appellant's sole issue on appeal and affirm the trial court's judgment.

/s/ Lee Ann Dauphinot
Lee Ann Dauphinot
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  August 26, 2019